IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| FLANDERS ELECTRIC MOTOR SERVICE, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO: 7:15CV654<br>) |
| JAMES C. JUSTICE COMPANIES, INC.<br>SERVE: CT Corporation System, Registered Agent<br>4701 Cox Road<br>Suite 285<br>Glen Allen, Virginia 23060 | )<br>)<br>)<br>)<br>)<br>) |
| Defendant. | )<br>) |

## COMPLAINT

COMES NOW the Plaintiff, Flanders Electric Motor Service, Inc. ("Flanders"), by counsel, and for its Complaint against the Defendant James C. Justice Companies, Inc. ("Justice"), states as follows:

### Nature of the Case

This is a suit for breach of contract by Justice of a settlement agreement with Flanders and agreements accompanying that settlement.

### Jurisdiction and Venue

1. Flanders is an Indiana corporation with its principal place of business in Indiana.

2. Justice is Virginia corporation with its principal place of business in the City of Roanoke, Virginia.

3. The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) as this matter involves a controversy between citizens of different states exceeding the sum of $75,000, exclusive of interest and costs.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) as Justice resides in this district.

**Background Facts**

5. Flanders is in the business of, among other things, engineering, manufacturing and repairing motors for heavy industrial equipment.

6. On or about June 16, 2012 Flanders entered into a contract with Justice for Flanders to upgrade two mining shovels for Justice.

7. Justice failed to timely and properly make payments under the contract and disputes arose between the parties with regard to their further obligations under the contract.

8. On or about August 14, 2014, the parties settled their dispute.

9. Pursuant to the settlement agreement, Justice was obligated to escrow $171,500, a sum that the parties agreed was owed to Flanders for work already performed.

10. Under the settlement agreement, Flanders agreed to perform an audit of Shovel No. 2 and deliver to Justice a proposal for further work necessary to complete the commissioning of Shovel No. 2.

11. Justice escrowed the $171,500 agreed upon for the past work, and Flanders performed the audit and provided a proposal for the further Shovel No. 2 work, quoting a total price of $232,914 for the further work, comprised of $82,914 fixed price and a $150,000 contingency.

12. Pursuant to the settlement agreement, upon agreement to and execution of the Shovel No. 2 proposal, Flanders was to receive 50% of the $171,500 escrowed funds equaling $85,750. And, at the execution of Shovel No. 2 work proposal, Justice was to deposit with the escrow agent the additional agreed upon sum of $232,914 to cover the future Shovel No. 2 work.

13. Under the parties' agreement, Justice was thereafter required to bring Shovel No. 2 to mechanical readiness and provide electric line power needed for Flanders to proceed with the work to bring Shovel No. 2 to full commissioning within six months of the signed proposal.

14. Under the settlement agreement, if Justice did not have Shovel No. 2 ready and full commissioning was not achieved within six months through no fault of Flanders, then the remaining $85,750 of the $171,500 initially escrowed funds were to be released to Flanders.

15. Per the settlement agreement, the parties executed the proposal for the Shovel No. 2 work.

16. Then the $85,750, representing 50% of the initial escrow, was released to Flanders in accordance with the settlement agreement. Justice, however, breached the settlement agreement, the accompanying escrow agreement, and the proposal for the work on Shovel No. 2. It immediately breached by failing to deposit into escrow the additional $232,914 for the future work on Shovel No. 2.

17. Justice thereafter further breached its obligations by failing to timely and properly bring Shovel No. 2 up to mechanical readiness and otherwise failing to timely satisfy its remaining obligations to have the Shovel ready for Flanders' work.

18. Upon the expiration of the six month period, and the failure of Justice to discharge its contractual obligations, Flanders requested the escrow agent to release the remaining $85,750 from escrow as required by the parties' agreement.

19. Justice, however, without reason or justification (as none existed), and in breach of its contractual obligations, arbitrarily objected to the release of those remaining escrowed funds, causing the escrow agent to refuse release of the funds as required.

## COUNT I – BREACH OF CONTRACT – SPECIFIC PERFORMANCE

20. The allegations in paragraphs 1 through 19 are incorporated herein by reference.

21. Justice breached the settlement agreement and its obligations under the accompanying escrow agreement in that, among other things, it wrongfully objected to the escrow agent releasing the $85,750 escrowed funds to Flounders, causing the escrow agent to refuse release of the funds.

22. Flanders is entitled to specific performance of the settlement agreement and accompanying escrow agreement requiring release of the $85,750 from escrow, having fulfilled all preconditions to the release of those sums.

WHEREFORE, Flanders moves for a judgment order of specific performance ordering Justice to withdraw its wrongful objection to the release of the $85,750 funds from

4

escrow, together with pre-judgment and post-judgment interest on that amount and Flanders' costs and expenses in this behalf expended.

## **COUNT II – BREACH OF CONTRACT – DAMAGES**

23. The allegations in paragraphs 1 through 22 are incorporated herein by reference.

24. In addition to breaching its contractual duties by objecting to the release of the $85,750 from escrow, Justice repudiated and breached its contractual duties in failing to deposit the additional funds to secure Flanders' future work on Shovel No. 2 and failing to timely make the Shovel mechanically ready and otherwise failing to satisfy the preconditions to Flanders doing its work on Shovel No 2.

25. As a proximate cause of said breaches, Flanders has been damaged in not receiving the $85,750 due it from escrow, and in having incurred costs and expenses to prepare and provide Justice the survey for the Shovel No. 2 work, and having lost its profits from the contemplated Shovel No. 2 work, Justice having repudiated its contractual obligations and having foreclosed Flanders' ability to provide that work.

WHEREFORE, Flanders prays for a judgment against Justice in the principal sum of $165,750, together with pre-judgment and post-judgment interest and its costs and expenses in this behalf expended.

FLANDERS ELECTRIC MOTOR SERVICE, INC.

By: /s/ Robert A. Ziogas
      Of Counsel

5

Case 7:15-cv-00654-MFU   Document 1   Filed 11/30/15   Page 5 of 6   Pageid#: 5

Robert A. Ziogas, Esq. (VSB # 24964)
Email: rziogas@glennfeldmann.com
Glenn, Feldmann, Darby & Goodlatte
37 Campbell Avenue, S.W.
P. O. Box 2887
Roanoke, Virginia 24001-2887
Telephone (540) 224-8000
Facsimile (540) 224-8050

Counsel for Flanders Electric Motor Service, Inc.

6